BROWNE WOODS & GEORGE LLP
Peter W. Ross (State Bar No. 109741)
Keith J. Wesley (State Bar No. 229276)
450 North Roxbury Drive, Seventh Floor
Beverly Hills, California 90210-4231
Telephone: (310) 274-7100   Fax: (310) 275-5697

Attorneys For Plaintiff
LEEGIN CREATIVE LEATHER PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEGIN CREATIVE LEATHER PRODUCTS, INC., a California corporation,<br><br>                  Plaintiff,<br><br>       v.<br><br>AYAMA INDUSTRIAL COMPANY, LTD., *et al.*,<br><br>                  Defendants.<br><br>AND RELATED CROSS-CLAIMS AND COMPLAINT. | Case No, CV 00-12708 TJH (AJWx)<br>Assigned to the Hon. Terry J. Hatter<br><br>**LEEGIN'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE AT TRIAL ANY EVIDENCE OR ARGUMENT REGARDING COPYRIGHTS THAT ARE NOT AT ISSUE IN THIS LITIGATION**<br><br>**MOTION *IN LIMINE* NO. 5**<br><br>Date: To be heard on the first day of trial (or as determined by the Court)<br>Time: 10:00 a.m.<br>Dept.: 17<br><br>Trial Date: January 15, 2008 |

162684.1

-1-
LEEGIN'S MOTION *IN LIMINE* NO. 5

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 15, 2008 at 10:00 a.m. or as directed by the above-entitled Court, located at 312 N. Spring St., Los Angeles, California 90012, plaintiff Leegin Creative Leather Products, Inc. ("Leegin") will and hereby does move the Court for an order prohibiting defendant Belts by Nadim, Inc. ("Defendant"), its counsel, and any witnesses called to testify on its behalf, from mentioning, referring to, or introducing, any evidence or arguments regarding copyrights that are not now at issue in this litigation (including any images, registrations, amendments or abandonments thereof).

This motion will be brought pursuant to *Federal Rules of Evidence* 402, 403 and 404 on the grounds that such matters (1) are irrelevant (because they do not relate to Leegin's existing claims against Defendant), (2) will mislead and confuse the jury, (3) will waste time, and (4) will unfairly prejudice Leegin.

This motion will be based upon this notice, the attached memorandum of points and authorities, all pleadings and other papers on file in this action, and all other matters, oral and documentary, as may be presented at or prior to the hearing on this motion.

This motion is made following the conference of counsel that took place on December 14, 2007.

Dated: December 20, 2007

BROWNE WOODS & GEORGE LLP
Peter W. Ross
Keith J. Wesley

By ___/s/ Keith J. Wesley___
Keith J. Wesley

Attorneys For Plaintiff LEEGIN CREATIVE LEATHER PRODUCTS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

By this motion, Leegin seeks to preclude defendant Belts by Nadim, Inc. ("Defendant"), its counsel, and any witnesses called to testify on its behalf, from mentioning, referring to, introducing, or making any argument regarding copyrights that are not now at issue in this litigation (including any images, registrations, amendments or abandonments) (the "Irrelevant Copyrights").

Leegin has abandoned and amended the registrations of certain works that are not at issue in this case. Defendant has indicated that it wishes to put on evidence regarding these works and their copyright registrations as well as Leegin's amendments and abandonments thereof. At bottom, the Irrelevant Copyrights have no relevance to *any* of the issues in this case and have no probative value here. Further, Leegin would be unfairly prejudiced if the Irrelevant Copyrights were introduced at trial.

### 2. ARGUMENT.

#### a. Evidence and Argument Related to The Irrelevant Copyrights Should Be Excluded.

Any evidence or argument concerning the Irrelevant Copyrights are not probative to any issues that will actually be decided by jury. Evidence regarding copyrights not at issue here (including copyrights that have been amended or abandoned by Leegin for any reason) have no "tendency" to prove or disprove any disputed fact that is of consequence to the determination of this action. *See* Fed. R. Evid. 401 (relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Evidence regarding the Irrelevant Copyrights has no probative value and should be excluded. *See* Fed. R. Evid. 402 (evidence which is not relevant is not admissible).

**b.** **<u>Evidence of The Irrelevant Copyrights Would Confuse the Issues, Mislead the Jury, Waste Time, and Prejudice Leegin.</u>**

Evidence of the Irrelevant Copyrights should also be excluded under *Federal Rule of Evidence* 403. That Rule provides:

> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Evidence of the Irrelevant Copyrights is likely to confuse jurors. At best, this evidence would be highly misleading. Admission of evidence of the Irrelevant Copyrights would create a real danger that the jury would erroneously believe that the information is somehow relevant to the specific belt hardware copyright claims actually at issue. An inordinate amount of time would have to be spent to clarify any such confusion. For example, if Defendant is permitted to put on evidence that one of Leegin's designs that is not at issue here is supposedly derivative of another work (or that Leegin's copyright application for that work was supposedly incorrect), Leegin will be forced to respond with evidence regarding the origin of that design and the original copyright application. Jurors will be confused by such evidence because Defendant is not alleged to have infringed that copyright.

Moreover, such evidence will prejudice Leegin. Defendant is trying to falsely imply that Leegin has somehow misused the copyright laws. Of course, that is not true. More importantly, no legitimate claim or defense exists for copyright misuse here.

In sum, evidence of the Irrelevant Copyrights will (1) distract, confuse and mislead the jury, (2) waste time, and (3) unfairly prejudice Leegin.

3.  **CONCLUSION.**

Based on the foregoing, Leegin respectfully requests that the Court grant this motion *in limine* and preclude Defendant, its attorneys, and any witnesses called to testify on its behalf, from mentioning, referring to, or introducing evidence concerning copyrights that are not now at issue in this litigation (including any images, registrations, amendments or abandonments).

Dated:  December 20, 2007

BROWNE WOODS & GEORGE LLP
Peter W. Ross
Keith J. Wesley

By  /s/ Keith J. Wesley
    Keith J. Wesley

Attorneys For Plaintiff LEEGIN CREATIVE LEATHER PRODUCTS, INC.