# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LEEGIN CREATIVE LEATHER PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AYAMA INDUSTRIAL COMPANY, LTD, *et. al.* <br><br> Defendants. | CV 00-12708 TJH (Ex) <br><br> Order and Permanent Injunction <br> (#985 JS-6) |

The Court has considered Plaintiff's motion for entry of default judgment against defendant 7 West Accessories, Inc. ("7 West"), together with the moving and opposing papers. in part, and

It is Ordered that the motion be, and hereby is, **Granted** in part, and **Denied** in part.

● ● ● ● ● ● ● ●

It is further Ordered that Plaintiff's request for statutory damages is **Granted**, in the amount of $10,000.00 for 7 West's infringement of Plaintiff's Tokyo copyright. The other four copyrights were subject to the settlement agreement between Plaintiff and Stein Mart, Inc.

It is further Ordered that Plaintiff's request for attorney's fees is **Granted**, in the amount of $1,200.00.

It is further Ordered that Plaintiff's request for prejudgment interest on the statutory damages award is **Denied**.

The Court finds that:

1. Plaintiff has demonstrated that it has in the past, and will in the future, suffer irreparable harm to its goodwill and reputation; and

2. The harm Plaintiff suffered cannot be fully compensated with monetary damages; and

3. Considering the balance of hardships between Plaintiff and 7 West, the balance of hardships tips strongly in Plaintiff's favor; and

4. The public interest would not be disserved by issuing a permanent injunction.

It is further Ordered that 7 West Accessories, Inc., its officers, directors, principals, agents, representatives, employees, successors and assigns, and all those acting in concert or participation with them, shall be, and hereby are **Permanently Enjoined and Restrained** from:

A. Making, manufacturing, using, distributing, shipping, licensing,

selling, developing, displaying, delivering, advertising, and/or otherwise marketing or disposing of any items which are substantially similar in design to Plaintiff's copyrighted designs:

    1. Florence;
    2. Nantucket;
    3. Santa Barbara;
    4. Tokyo; and
    5. Venice Romantic.

B.    Engaging in any other activity constituting infringement of Plaintiff's exclusive copyrights and/or Plaintiff's rights in, or right to use the copyrights;

C.    Using any false designation of origin or false description which can, or is likely to, lead to the trade or public or individuals erroneously to believe that any item or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, sponsored, or authorized by or for Plaintiff;

D.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the preceding paragraphs A, B and C.

Dated: February 4, 2009

_____
Terry J. Hatter, Jr.
Senior United States District Judge